Mr. Chief Justice Shahkey
delivered the opinion of the court.
On a motion in the circuit court of Wilkinson county, the administrator of Dixon recovered judgment against Fielding Davis, who was sheriff, for failing to make the money on an execution against James Shaffer, Lucy Shaffer, and Michael Wood. He resisted the motion on the ground that the execution had been enjoined.
*67 The injunction is made part of the record, and involves the only questions in the case, The execution emanated from a judgment on a forthcoming bond, and the injunction does not extend to this judgment, but only to the original judgment obtained at the April term, 1830, against Lucy Shaffer and James Shaffer. It has been decided in this state, in three different cases, that the giving of a forthcoming bond is a satisfaction of the prior judgment if the bond be forfeited; and this seems to be the law also in Virginia. Walker’s Reports, 175, 251, 267; 3 Mun-ford, 454. The judgment originally obtained in this case was satisfied, and the injunction should have been on the judgment on the forthcoming bond.
But there is another insurmountable objection to this injunction. No bond was given by the parties who obtained it, and even if administrators are not bound to give bond, yet all the defendants in the execution do not appear to have been administrators, and, consequently, there was nothing to stop the operation of that particular execution. In p. 95, s. 44, of the Revised Code, bond is positively required, and the clerk is required to indorse, that the operation of the injunction is to be suspended till bond is given.
Tfie judgment of the court below must be affirmed.